UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

PATRICK B. GILLIAM, SR.        *        CIVIL ACTION NO.  07-0726

VERSUS        *

MICHAEL J. ASTRUE,        *        MAGISTRATE JUDGE HAYES
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION

<u>MEMORANDUM RULING</u>

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment.  For the reasons assigned below, the decision of the Commissioner is **REVERSED**, and the matter **REMANDED** for further proceedings.

<u>BACKGROUND</u>

Patrick Bernard Gilliam filed the instant applications for disability insurance benefits and supplemental security income payments on March 30, 2005.  (Tr. 49A-C, 144A-C).  He alleged an inability to work since August 24, 2004, due to his left little finger being crushed, thus affecting his whole arm.  (Tr. 68-69).  The claims were denied at the initial stage of the administrative process.  (Tr.  28, 38-41, 144D).  Thereafter, Gilliam requested and received a July 5, 2006, hearing before an Administrative Law Judge ("ALJ").  (Tr. 155-166).  However, in an October 26, 2006, written decision, the ALJ determined that Gilliam was not disabled under the Act,

finding at Step Two of the sequential evaluation process that he had no severe impairments.  (Tr. 11-21).  Gilliam appealed the adverse decision to the Appeals Council.  Yet, on February 28, 2007, the Appeals Council denied Gilliam's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).

On April 26, 2007, Gilliam sought review before this court.  He alleges primarily that the ALJ's determination that Gilliam's shoulder impairment did not constitute a severe impairment is not supported by substantial evidence.

### Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards.  *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the

Secretary.  *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).   Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1)     An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)     An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)      An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

3

(4)    If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)    If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ determined at Step Two of the sequential evaluation process that Gilliam suffered from medically determinable impairments of status post left hand injury, hypertension, and diabetes mellitus.  (Tr. 16).  He concluded, however, that they did not constitute severe impairments under the Act.  *Id*.

On, or about June 24, 2004, plaintiff suffered a crushing injury to the little finger on his left hand.  (Tr. 102).  Physician's notes indicate that by October 24, 2004, plaintiff had reached maximal range of motion with therapy, but that his finger did not straighten fully.  (Tr. 95).  Dr. Ritter diagnosed crush injury of the left little finger with flexion contracture.  *Id*.  She determined that plaintiff had reached maximum improvement, and lifted his work restrictions.  *Id*.

4

On March 30, 2005, Gilliam was seen by Raymond Dennie, M.D. for an impairment and disability determination (apparently for workers' compensation purposes). (Tr. 104-107). Dr. Dennie assigned an eight percent impairment of the left hand, and a seven percent impairment of Gilliam's left upper extremity. *Id*. At the time of the evaluation, Gilliam was not on any medication, no longer receiving therapy, and had been released from care by Dr. Ritter. *Id*. Indeed, from January until May 2005, plaintiff was pain free. (Tr. 133).

Nonetheless, by the time of an August 26, 2005, medical appointment, Gilliam's condition had changed. (Tr. 133-134). He reported left shoulder pain and left finger numbness that had persisted for the past two months. *Id*. The left shoulder arm pain started gradually, with no trauma. *Id*.[1]

Plaintiff's left shoulder pain persisted into March 2006. (Tr. 126).[2] Moreover, on May 24, 2006, an MRI of Gilliam's left shoulder confirmed the source of his pain. (Tr. 119). The MRI indicated a high-riding humeral head, extensive AC joint arthritis, a partial tear of the supraspinatus tendon, a slap lesion, degenerative changes in the glenoid labrum, and rupture of the long head of the biceps. (Tr. 119). Plaintiff's left shoulder pain is documented through the most recent medical records which date from August 2006. (*See*, Tr.  124, 160, 135-137).

On August 22, 2006, John McDonald, M.D., examined Gilliam at the request of Disability Determination Services. (Tr. 135-137). Gilliam's chief complaint was a crushed little finger

---

[1]  The outpatient record also noted that Gilliam had a ten year medical history of hypertension. (Tr. 133). Also, in September 2005, Gilliam was diagnosed with onset of diabetes. (Tr. 131-132).

[2]  During a March 9, 2006, medical appointment, Gilliam was diagnosed with diabetes mellitus, left shoulder pain, and high cholesterol. *Id*.

5

affecting his whole arm.  *Id*.  Gilliam reported that he had limited grip strength, and could not

carry anything heavier than a gallon of milk.  *Id*.  He further stated that his fine motor movements

and manual dexterity had been affected.  *Id*.  Plaintiff reported a limited range of motion with his

left shoulder and stated that he was scheduled to have surgery to repair a torn rotator cuff.  *Id*.

McDonald diagnosed hypertension, diabetes mellitus, hyperlipidemia, status post left hand

crush injury, and tobacco use.  *Id*.  McDonald found no physical evidence of significant pathology

to the left hand.  *Id*.  Gilliam demonstrated full range of motion in his hands, and full and equal

grip strength.  *Id*.  McDonald noted, however, that plaintiff demonstrated decreased range of

motion in his left shoulder.  *Id*.  The range of motion in Gilliam's left shoulder was only two-

thirds of the norm.  (Tr. 138).  However, despite specific findings that plaintiff's shoulder suffered

a decreased range of motion, McDonald completed a Medical Source Statement of Ability to do

Work-Related Activities (Physical) which indicated that plaintiff had no limitations whatsoever.

(Tr. 140-143).

The ALJ determined that Gilliam did not have a severe impairment.  (Tr. 19-21).

Moreover, although he found that Gilliam suffered from several medically determinable

impairments, plaintiff's left shoulder impairment was not so included.  (Tr. 16).  The ALJ's

discussion reveals that Gilliam's left shoulder impairment was not found to be severe because it

had not been present for 12 continuous months and/or because it did not impose any significant

functional limitations.  (Tr. 20).

In assessing the severity of an impairment, the Fifth Circuit has determined that "an

impairment can be considered as not severe only if it is a slight abnormality [having] such

minimal effect on the individual that it would not be expected to interfere with the individual's

ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378,

391 (5th Cir. 2000).  Moreover, an impairment is "not severe" if it does not significantly limit a

claimant's physical or mental ability to perform basic work activities.  20 C.F.R. § 404.1521; *see*,

*Waters v. Barnhart*, 276 F.3d 716 (5th Cir. 2002).

The ALJ's finding that plaintiff's shoulder impairment did not cause any functional

limitations is ostensibly supported by Dr. McDonald's medical source statement wherein he

indicated that plaintiff's impairments caused no limitations.  (*See*, Tr. 20).  However, Dr.

McDonald's source statement is directly contradicted by his own examination report which found

that plaintiff demonstrated a decreased range of motion in the left shoulder.  (Tr. 135-138).

McDonald did not disavow his specific findings or otherwise question them.  At best, Dr.

McDonald's report and source statement are subject to more than one interpretation or

explanation, and thus are ambiguous.  Moreover, under the regulations, when a medical opinion is

internally inconsistent, the Commissioner is obliged to weigh the evidence and decide whether he

can render a decision upon the existing evidence or if additional evidence, including re-contacting

a treating or examining source is required.  20 C.F.R. § 404.1527(c)(3)).  Here, there is no

indication that the ALJ weighed the inconsistencies in McDonald's findings, or that there is

otherwise substantial evidence to support an implied decision to credit the findings in McDonald's

medical source statement.  This omission results in potential prejudice to plaintiff because if

plaintiff's ability to reach with his left shoulder is limited, then this could cause a significant work

limitation.  *See*, 20 C.F.R. § 404.1521(b) (describing basic work activities); SSR 85-15 (ability to

reach in all directions is required in most jobs).

Finally, the court emphasizes that under the regulations, an impairment "must have lasted

or must be *expected* to last for a *continuous* period of at least 12 months."  20 C.F.R. § 404.1509 (in pertinent part)(emphasis added).  Here, the uncontroverted evidence establishes that plaintiff experienced left shoulder pain as early as August 2005.  The source of the pain was confirmed in a May 2006, MRI, and restorative surgery was not anticipated until the end of 2006.  Although plaintiff may not have a cognizable impairment from his original August 2004 onset date, the ALJ's finding that his shoulder impairment did not last, nor is expected to last for a continuous period of at least 12 months is not supported by supported by substantial evidence.

For the foregoing reasons, the undersigned finds that the Commissioner's determination that plaintiff was not disabled, rendered at Step Two of the sequential evaluation process, is not supported by substantial evidence.  Accordingly, judgment will be entered **REVERSING** the decision of the Commissioner and **REMANDING** the matter for further proceedings consistent with this opinion.[3]

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of May, 2008.



KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3]  Plaintiff's additional assignments of error may be addressed upon remand.

8