UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**PATRICK B. GILLIAM, SR.**  *  **CIVIL ACTION NO.  07-0726**

**VERSUS**  *  **MAG. JUDGE KAREN L. HAYES**

**MICHAEL J. ASTRUE,**  *
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**

## MEMORANDUM RULING

Before the court is plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 23].[1] The Commissioner has not filed a response to the motion, and thus, does not oppose the motion. *See* Notice of Motion Setting [doc. # 25].[2] The matter is now before the court.[3]

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment.

[2] Although the Commissioner has no direct financial interest in a § 406(b) award, he acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

[3] The instant motion is arguably untimely. *See*, *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P. 54(d)(2). However, in another similarly postured case, plaintiff's counsel explained why he waited to file his motion for § 406(b) fees. *See, Mason v. Astrue*, Civil Action Number 05-2134, doc. # 24 (W.D. La. 6/19/07). As in *Mason*, the court finds that counsel has satisfied the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(2). *See, Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 2003 WL 21756344 (5th Cir. 2003) (unpubl.) (citing Fed.R.Civ.P. 6(b)(2)).
  **In future cases, counsel should ensure that he files his 406(b) petitions promptly after receipt of notice from the Commissioner setting forth the past due benefit calculations and the amount withheld for attorney fees**.

> Section 406(b) provides that
>
> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In their § 406(b) analysis, the district courts are required to review contingent fee agreements to assure that they are reasonable under the circumstances. *Gisbrecht, supra*. For fees within the 25 percent boundary, the burden remains with the claimant to show that "the fee sought is reasonable for the services rendered." *Id*.

The instant plaintiff obtained a favorable judgment that reversed and remanded the matter for further proceedings. (May 15, 2008, Judgment [doc. # 16]). Upon remand, the Commissioner awarded plaintiff and his four minor dependents past benefits totaling $23,157.80. *See* Counsel's Calculations; Motion for 406(b) Fee, Exh. [doc. # 23-10]. From this sum, the Commissioner withheld a total of $5,862.70 to satisfy any payment owed to the claimant's attorney under the terms of a valid fee agreement between Gilliam and his attorney. *Id*. Plaintiff's counsel seeks to recover 25 percent ($5,789.45) of the past due benefit award as a reasonable fee for representation before this court.

The court's analysis begins with the fee agreement. *Gisbrecht, supra*. In support of the instant motion, counsel submitted an April 25, 2007, Social Security Disability Benefit Retainer Agreement (AC-DCt) ("Contract") that was signed by plaintiff and counsel. (Exh. to John

Ratcliff Affidavit). The Contract provides that counsel will receive 25 percent of the past-due benefits, "*including any benefits paid to any of [the claimant's] dependents*," resulting from a favorable resolution of plaintiff's claims. *Id*. (emphasis added).

Under *Gisbrecht*, the court must also determine whether the fee specified in the agreement is reasonable. *Gisbrecht, supra*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht, supra*.

Here, plaintiff's counsel obtained a favorable outcome, with no indication of undue delay on his part. In his supporting affidavit, plaintiff's counsel averred that he spent 11 hours representing his client before the court. (Ratcliff Affidavit). Thus, if plaintiff's counsel were to receive his requested reimbursement as allowed under the Contract for work performed before this court ($5,789.45) then he will have been compensated at an hourly rate of $523.31 ($5,789.45/11 hrs). Counsel has averred that he no longer bills by the hour, but that he formerly charged $180.00 per hour.[4] Counsel's requested fee award in this case would result in an hourly rate 2.91 times greater than his ordinary billing rate. This multiplier is within the range of awards upheld by this and other courts. *See Randolph v. Astrue*, Civil Action No. 05-1692 (W. D. La. 6/27/2007) (fee award reduced to five times normal billing rate); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (and cases cited therein); *Jeter v. Astrue*, Civil Action No. 06-0081 (W. D. La.) (award reduced to 2.5 times counsel's ordinary billing rate).

Upon due consideration of the foregoing circumstances, the court finds that counsel's requested fees pursuant to the Contract are not unreasonable. Accordingly, by separate order, the

---

[4] *See* EAJA application, Ratcliff Affidavit [doc. # 17].

court will grant plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 23] and award fees in the amount of $5,789.45, subject to counsel's obligation to refund to his client previously awarded EAJA fees in the amount of $1,375.00. *See* Sept. 8, 2008, Order [doc. # 22]; *Gisbrecht, supra*, (claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.").

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of September 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE